UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL POPOV, | ) | Case No. 1:12-cv-00170-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY AS TRUSTEE UNDER THE | ) | MEMORANDUM OPINION |
| POOLING & SERVICING AGREEMENT | ) | |
| DATED AS OF DECEMBER 1, 2006, | ) | |
| GSAMP TRUST 2006-FM3, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 7). For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

**PROCEDURAL AND FACTUAL BACKGROUND**

On January 3, 2012, Plaintiff Paul Popov ("Plaintiff" or "Mr. Popov"), filed suit in the Cuyahoga County Court of Common Pleas against Deutsche Bank National Trust Company as Trustee ("Deutsche Bank"), Mortgage Electronic Registration Systems, Inc ("MERS"), Litton Loan Servicing, LP ("Litton"), GSAMP Trust 2006-FM3 ("Trust") and Fremont Investment and Loan ("Fremont") (collectively, "Defendants"). (Compl., ECF No. 1-1.) The Complaint asserts a single cause of action to quiet title of real property at 7208 Rustic Oval, Seven Hills, OH 44131, Permanent Parcel # 552-12-049 in the name of Plaintiff. (Compl., ¶¶ 16-22.) This Action to Quiet Title was removed to U.S. District Court on January 24, 2012. (ECF No. 1.)

The events leading up to this case began on or about August 25, 2006, when Mr. Popov entered into a loan agreement with Fremont Investment and Loan, for the sum total of $238,000.00.

(Compl., ¶ 2.) Pursuant to the loan agreement, Popov granted a security interest ("Mortgage") in the property to Freemont. On the mortgage agreement, "MERS" was listed as "a separate corporation, acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." (Mortgage, ECF No. 1-1, at p. 12.)

On July 25, 2008, the FDIC announced that Fremont Investment and Loan had closed and liquidated its assets. On May 4, 2009, MERS assigned the mortgage to Deutsche Bank and the assignment was recorded by the Cuyahoga County Recorder's Office in instrument number 200905070151. (Compl., ¶¶ 3-5.)

On May 6, 2009, Deutsche Bank filed a foreclosure action against Mr. Popov in the Cuyahoga County Common Pleas Court. *See Deutsche Bank National Trust Co. V. Paul Popov*, No. 09-cv-691971 (Cuyahoga County, Ohio filed May 6, 2009). On October 7, 2011, Deutsche Bank's foreclosure action was dismissed for failure to state a claim, because the note attached to the complaint was made out to "Fremont Investment and Loan," the original payee. *Id.*

Plaintiff now brings this action and prays that title to the property be quieted in Plaintiff's favor and that the mortgage be declared null and void.

## LAW AND ANALYSIS

### I. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as

true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1940 (2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.) In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## II. QUIET TITLE

In the instant case, Plaintiff Paul Popov is seeking Quiet Title under O.R.C 5303.01, by challenging the validity of the assignment of his mortgage from MERS to Deutsche Bank. There is no challenge of the assignment of the mortgage from MERS to Deutsche Bank from any of the Defendants.

## A. EQUITABLE REMEDY

It is well settled law in Ohio[1] that an action to quiet title is equitable in nature, and should only be available when there is no adequate remedy at law. *W.C. McBride, Inc. V. Murphy,* 111 Ohio St. 443, 447 (1924); *McClure v. Fischer Attached Homes,* 145 Ohio Misc.2d 38, 47 (2007); *Meehan v. Mortg. Elec. Registration Sys, Inc.,* No. 1:11CV363, 2011 WL 3360193 (N.D. Ohio Aug. 3, 2011).

In the instant case, Plaintiff executed a mortgage, which defined MERS at the opening page as a separate corporation acting solely as a nominee for Lender and Lender's successors and assigns. The instrument then also named MERS as the mortgagee. (Mortgage, ECF No. 1-1, at p. 12). There is no evidence that either Plaintiff, or any defendants are challenging the mortgage contract itself.

Consistently Ohio Courts recognize the authority of MERS to assign a mortgage when designated as nominee for the lender. *Deutsche Bank Natl. Trust Co., v. Traxler,* 2010 WL 3294292 *6 (Ohio App., 9th Dist. Aug. 23, 2010); *BAC Home Loans Services, L.P., v. Hall,* 2010 WL 2891780 *1 (Ohio App., 12th Dist. Ju,l. 26, 2010); *Countrywide Home Loans Servicing L.P. v. Shifflet,* 2010 WL 1175325 *4 (Ohio App., 3rd Dist. Mar. 29, 2010); *Deutsche Bank Natl. Trust Co. v. Ingle,* 2009 WL 2400852 *1, 3 (Ohio App., 8th Dist. Aug. 6, 2009). Therefore, any assignment of Plaintiff's mortgage by MERS does nothing to invalidate the contract that Plaintiff entered into. Whatever interest MERS or an assignee of MERS holds in Plaintiff's property arises from the clear language of the mortgage contract. Accordingly, any relief available to Plaintiff would be afforded under contract law, not in equity.

## B. STANDING

Courts have consistently held that a debtor may not challenge an assignment between an

---

[1] This Court is exercising its diversity jurisdiction, as such, Ohio law applies to plaintiff's case. *See, e.g., Avery v. Joint Twp. Dist. Mem'l Hosp.,* 286 Fed. Appx. 256, 260 (6th Cir. 2008)("Inasmuch as this is a diversity case, this Court must apply Ohio law 'in accordance with the then controlling decision of the highest state court.'"); *see also Erie Railroad Co. V. Tompkins,* 304 U.S. 64 (1938).

assignor and an assignee. *Livonia Property Holdings v. Farmington Road Holdings*, 717 F.Supp.2d 724 (E.D.Mich. 2010) (holding that plaintiff borrower did not have standing to dispute validity of assignment between assignor and assignee because plaintiff was not a party to those documents.) The Sixth Circuit similarly held in *Rogan v. Bank One,* 457 F.3d 561 (6th Cir. 2006), that a plaintiff, acting as trustee for a bankruptcy estate, lacked standing to enforce an assignment contract because they were not a party. *See also; Liu v. T & H Mach., Inc.* 191 F.3d 790, 797 (7th Cir.1999) (holding that a party to an underlying contract lacks standing to "attack any problems with the reassignment" of that contract); *Blackford v. Westchester Fire Ins. Co.*, 101 F. 90, 91 (8th Cir.1900) (holding that so long as no creditor of the assignor challenges the validity of the assignment, no debtor of the assignor can do so.)

In the instant case, the only party challenging the assignment of the mortgage is the Plaintiff, Paul Popov. As the Plaintiff is not a party to the to assignment, he lacks standing to challenge the transfer of the mortgage from MERS to Deutsche Bank. Plaintiff knowingly entered into the mortgage agreement dated August 25, 2006. Plaintiff is not discharged of his contractual obligation to pay that mortgage just because it has been transferred from one mortgagee to another. Specifically, page three of the mortgage agreement states:

TRANSFER OF RIGHTS IN THE PROPERTY

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property...

(Mortgage, ECF No. 1-1, at p. 14.)

Plaintiff does not dispute in his complaint, or subsequent pleadings, the contents of the mortgage contract. (Compl.; Pl.'s Opp. To Def.'s Mot. to Dismiss.) The mortgage contract clearly

gives MERS the authority to assign the mortgage to Deutsche Bank, and the terms of the promissory note and mortgage remain the same regardless of an assignment. Therefore, Plaintiff's status and obligations under the contract are unaffected by any assignment by MERS and Plaintiff lacks standing to challenge said assignment.

### III. CONCLUSION

Plaintiff's complaint pursues only an equitable remedy when a remedy at law is available. Additionally, Plaintiff lacks standing to challenge any assignment of his mortgage from MERS to Deutsche Bank, or any other financial institution. Accordingly, Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED, and Plaintiff's claim is DISMISSED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATE: October 30, 2012